### JOHN W. PRIEST *et al.*
*v.*
### RUTH WHEELOCK.

1. JUDGMENT—*lien.* After the lapse of seven years from the last day of the term of the court in which a judgment was rendered, a *bona fide* purchaser of real estate from the debtor takes it free from the lien of the judgment.

2. MORTGAGE—*judgment lien of the debt.* But where a mortgage is given to secure payment of a debt, the lien of the mortgage continues notwithstanding the debt has been reduced to a judgment, and it, by lapse of time, ceased to be a lien. The merger of the note in the judgment does not extinguish the debt, and the mortgage continues a lien until it is satisfied or the judgment is barred by the statute of limitations. The plaintiff in the judgment could bring debt or *scire facias*, or issue execution on the judgment, if one was issued within a year and a day, at any time within twenty years.*

*See Act 22 March, 1872, Sess. Laws, p. 506, sec. 6.

APPEAL from the Circuit Court of Sangamon county; ANTHONY L. KNAPP, Esq., acting as Judge, by consent of parties.

Messrs. STUART & BROWN, for the appellant.

Messrs. BROADWELL & SPRINGER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill to foreclose a mortgage, executed by Henry Carrigan and wife to Solomon B. Wheelock, on a lot of ground in Springfield, to secure a note for $1,000, with ten per cent interest, bearing date the 2d of May, 1857, and due in twelve months. Wheelock having died, the bill to foreclose was brought by appellee against the executrix of the estate of Carrigan, who had also died before that time, and John W. Priest, who had purchased the mortgaged premises under a trust deed executed by Carrigan in his life-time. It appears that the executors of Wheelock, after his death, brought suit on the note and recovered judgment against the mortgagor at the April term, 1859, of the Sangamon circuit court, and that as many as three executions were issued thereon ; that Priest, in addition to the purchase made by him of the trustee at the sale for the payment of Carrigan's debt, to secure which the premises had been conveyed after the execution of the mortgage to Wheelock, also purchased and received a deed of conveyance from Carrigan's executrix ; that seven years and more had expired after the last day of the term of the court in which the judgment was rendered, before the bill was filed.

It is insisted that the suit to foreclose is barred by the lapse of seven years after the last day of the term of the court in which the judgment on the mortgage debt was rendered, before the bill was filed, as Priest claims to be a *bona fide* purchaser. If it were not for the mortgage, the proposition would, no doubt, be true, as the lien of a judgment on the debtor's lands and real estate, as to creditors and *bona fide*

purchasers, undoubtedly ceases at the end of seven years ; and a person purchasing property in good faith, not incumbered by any lien, must and will be protected in his purchase.    There is no doubt that Priest acquired this property free from the lien of the judgment when the seven years expired ; but the question arises, whether the property was not bound by the lien of the mortgage ?

That instrument was given to secure the debt, and it was immaterial what form it assumed, whether an account, note, or judgment.    The substance, and not the mere form, is regarded in equity, and hence the pledge was to secure payment of the money, and not the mere extinguishment of the note by the debt assuming another form.    Because the judgment extinguished the note, it does not follow that the mortgage was discharged, or the lien it created on the premises was extinguished.    The lien of the mortgage on the lot still continued, to secure the payment of the debt then evidenced by the judgment.    The sum recovered was the same debt for which the security was created by the mortgage, and it remained in force and bound the lot for the payment of the judgment precisely as it did for the payment of the note. Until the satisfaction of the judgment, by payment, release, or otherwise, or by its becoming barred by the statute of limitations or some superior lien, the mortgage bound the property, and could be enforced.

It is not by force of the lien of the judgment that this foreclosure is sought, but by the operation of the mortgage, and a foreclosure under it was not barred by reason of the statute of limitations having, as it is urged, barred the judgment.    Plaintiffs in the judgment could bring an action of debt and recover on it, or revive it by *scire facias,* at any time within twenty years from its date.    It is thus seen that there is no pretense that this bill is barred because the judgment was barred, as it still remained in full force as between the parties to it.    Not only so, but it was held in the case of *Stribling* v. *Prettyman,* 57 Ill. 371 that the plaintiff might sue out execution

on the judgment and sell any property of the defendant, subject to sale and upon which there was no subsequent lien, even after the expiration of seven years.

The note was, no doubt, merged in the judgment, and then the mortgage became a security for the judgment, and might be foreclosed at any time before the judgment became barred by the limitation of time. We have seen that the judgment was not so barred, but that execution could be issued for its collection at any time within twenty years from its date, and twenty years not having expired when this bill was filed, it follows that the bill was properly brought, and the decree of foreclosure rightfully rendered. The fact that the judgment ceased to be a lien as to creditors and purchasers, in nowise prevented a foreclosure, as it was the lien of the mortgage that bound the property, and Priest purchased subject to that lien.

The decree of the court below is affirmed.

*Decree affirmed.*