F. M. ROBERTS, Admr.

*v.*

EFFIE TUNNELL.

*Filed at Springfield April 3, 1897.*

1. LIMITATIONS—*operation of section 19 of the Limitation act, as to right of action against personal representatives.* By section 19 of the Limitation act, (Rev. Stat. 1874, p. 676,) if one against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be brought against his personal representative after the expiration of that time but within one year after such representative is appointed.

2. PARTIES—*administrator not a necessary party to foreclosure suit.* An administrator is not a necessary party to a bill to foreclose his intestate's mortgage, where the bill seeks a foreclosure only, and not to charge him or the personal estate in his hands.

*Roberts* v. *Tunnell*, 65 Ill. App. 191, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Greene county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

MARK MEYERSTEIN, for appellant.

HENRY T. RAINEY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On February 4, 1878, George B. Allen gave to appellee his note for $700, payable two years from its date, with interest at ten per cent, and on November 18, 1878, he executed his mortgage deed to secure its payment. He died June 5, 1887, and letters of administration on his estate were issued to appellant August 23, 1894. Appellee commenced this suit for the foreclosure of the mortgage January 11, 1895. Appellant was not made a defendant to the bill when filed, but on March 5, 1895, he was admitted as a defendant upon his own motion. Exceptions were sustained to his amended answer setting up the Statute of Limitations as a defense. He stood by the answer, and there was a decree for $1894.33 and costs and for a foreclosure and sale. The Appellate Court affirmed the decree.

The answer averred that there was no personal estate of the deceased mortgagor, and no real estate except that described in the mortgage; that said real estate was not worth as much as the amount of the mortgage; that claims had been allowed by the county court against the estate to the amount of $1602.75, and that there was no other source than the real estate out of which any part of them could be satisfied.

One ground of exception to this answer was, that an administrator cannot plead the Statute of Limitations in defense of a foreclosure proceeding, and counsel have argued the question whether he is in such privity, in representation or right, with his intestate, as to enable him to do so; but this question will not be considered, because we think that the mortgage was not barred by the statute. The note became due February 7, 1880, and but for the death of the maker the time limited for bringing an action would have expired February 7, 1890. George B. Allen

died June 5, 1887,—before the expiration of that time. The cause of action on the note survived, and suit might be brought against his administrator whenever he should be appointed. None was appointed until August 23, 1894, and the bill was filed to foreclose the mortgage in less than one year from such appointment. These facts bring the note within the provision of section 19 of the act in regard to limitations, in force July 1, 1872, as follows: "If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his executors or administrators after the expiration of that time, and within one year after the issuing of letters testamentary or of administration." By this section, where a cause of action survives and is not barred at the death of the debtor, the creditor is allowed one year after letters of administration are issued in which to bring such action. At the time this bill was filed an action at law might have been brought against appellant upon the note, or it could have been proved against the estate in the county court, and in neither case could he have pleaded the Statute of Limitations with success. The mortgage was but an incident of the debt which it was given to secure, and the period of limitation would not expire until the debt was barred. *McMillan* v. *McCormick,* 117 Ill. 79; *Schifferstein* v. *Allison,* 123 id. 662.

Appellant was not a necessary party to the bill, which sought nothing but a foreclosure, and did not seek to charge him or the personal estate in his hands. (Story's Eq. Pl. sec. 196.) We do not see that this fact affected the rule in any way. As long as the debt was alive and an action could be maintained at law on the note, appellee could foreclose the mortgage and enforce her security.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*