AMERICAN ACOUSTICS AND PLASTERING COMPANY, INC.,
Plaintiff-Appellant, *v.* THE DEPARTMENT OF REVENUE,
Defendant-Appellee.

Second District    No. 81-551

Opinion filed June 23, 1982.

D. Richard Joslyn, Louis W. Brydges, and James Babowice, all of Brydges, Riseborough, Morris, Franke & Miller, of Waukegan, for appellant.

Tyrone Fahner, Attorney General, and Doss, Puchalski, Keenan, Bargiel & Dicks, Ltd., both of Chicago, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

This appeal arises from an action instituted under the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 264 *et seq.*) wherein American Acoustics and Plastering Company, Inc. (plaintiff), sought review of a decision of the Department of Revenue (Department) which denied plaintiff's claim for a refund of Retailers' Occupation Tax, Municipal Retailers' Occupation Tax, and Use Tax which it had paid. The trial court affirmed the decision of the Department.

On appeal, plaintiff contends that the taxes were paid under a mistake of fact or an error of law thus entitling it to a refund pursuant to section 6 of the Retailers' Occupation Tax Act (Act) (Ill. Rev. Stat. 1979, ch. 120, par. 445); that the taxes were barred by the statute of limitations contained in section 5 of the Act (Ill. Rev. Stat. 1979, ch. 120, par. 444) and the taxes were paid under duress; and that the administrative proceeding was violative of due process of law.

Plaintiff is a subcontractor who performs lath and plaster construction and installs acoustical ceiling systems. Pursuant to section 6 (Ill. Rev. Stat. 1979, ch. 120, par. 445), plaintiff filed a claim with the Department for a credit or refund of Illinois Retailers' Occupation Tax, Municipal Retailers' Occupation Tax and Use Tax paid by it for the period beginning October 1967 and ending December 1975. At the administrative hearing the following evidence was adduced:

Mr. Ted Edwards, plaintiff's vice-president, testified on behalf of plaintiff. He stated that from the time of plaintiff's incorporation in 1961 until 1967, plaintiff collected its own retailers' occupation and use taxes. In 1967 plaintiff was audited by the Department. At that time plaintiff was doing mostly nontaxable work, *i.e.*, school and municipal buildings. The Department's auditor suggested that since plaintiff did not do much taxable work, it should let the suppliers from whom it made its purchases pay the tax and the suppliers should in turn charge plaintiff for the tax. Plaintiff sent a letter to all its suppliers notifying them that they were to charge plaintiff for the tax. Plaintiff's retailers' occupation tax number was cancelled in 1967. Edwards believed that plaintiff's suppliers thereafter collected and paid the tax. Plaintiff did not introduce into evidence any receipts of its payments or any other record of payment of the tax.

In 1976 plaintiff underwent a spot audit by the Department conducted by Michael Magnusen. It was determined by him that there existed some discrepancies in plaintiff's records and a full audit was completed. Plaintiff was advised thereafter that it owed the Department $23,581.66 for the period October 1967 through December 1975 for delinquent Retailers' Occupation Tax, Municipal Retailers' Occupation Tax, and Use Tax. Edwards admitted that since 1967, plaintiff's business underwent a change and did more acoustical installation work and sales at retail than it

did nontaxable work. Plaintiff then had its own auditor come in to do a private audit, after which there was considerable discussion with Magnusen concerning the assessment. Edwards testified he was given a standard form from the Department stating what recourse the Department had if the assessment was not paid: lien in favor of the Department; legal action; and seizure of assets. Edwards further stated that Magnusen advised him that if the delinquent tax was not paid the Department would "slap a lien on our bank account and various other assets." Plaintiff paid the full amount of the assessment, $23,581.66 on August 31, 1976. Edwards stated that plaintiff paid the tax because it believed it was "either that or lock the door." Edwards further stated that at that time neither he nor anyone else associated with plaintiff was informed of the three-year statute of limitations (see Ill. Rev. Stat. 1979, ch. 120, par. 444) and he never signed a waiver of this statute of limitations.

Plaintiff was issued a notice of tax liability on December 1, 1976. Included in the notice of delinquent tax was a claim of $13,205.73 for interest and penalties on the assessment paid in August 1976. Edwards, on behalf of the plaintiff, requested and received a hearing to determine whether the Department should waive the penalty and interest. The Department felt that since one of its employees had advised plaintiff to cancel its tax number and let its suppliers collect the tax, that to charge plaintiff interest and penalties was unfair. Therefore, plaintiff was advised that penalties and interest were waived. Later plaintiff received a letter from the Department advising it that the waiver only pertained to the period between February 1, 1968, and August 31, 1973, and therefore $5,305.87 penalties and interest were due and owing. Plaintiff paid this amount under protest which was later denied by the Department.

Michael Magnusen testified at the hearing for the Department. He conducted the 1976 audit of plaintiff's records. In doing so, he looked over plaintiff's general ledger, cash receipts journal, cash disbursements, vendor invoices and State and Federal income tax returns. He noted that at the beginning of the audit period plaintiff was doing mostly nontaxable work but it later began doing taxable work which outweighed the nontaxable work. His audit was admitted into evidence. He further testified that he never asked Edwards to sign, on behalf of plaintiff, a consent or waiver of the statute of limitations nor did he inform Edwards of the statute of limitations. Magnusen also testified that at the time Edwards signed the final assessment which listed the amount of tax due no threats were made by him although Edwards was informed of "what remedies the State had." He believed this was standard procedure and did not amount to duress.

The Department denied plaintiff's claim, finding that plaintiff owed the taxes, that there was no wilful failure or refusal by plaintiff to file the

past returns, and that plaintiff had voluntarily signed the combined tax return and paid the back taxes on August 31, 1976.

■■ First, we consider the constitutional question raised by plaintiff that its due process right was violated by the procedure at the administrative hearing where the hearing officer assumes both prosecutorial and adjudicative functions pursuant to the Department's Hearing Rule 2—4. Plaintiff acknowledges that earlier decisions of our supreme court have held that this procedure does not violate due process (see *Murphy v. Cuesta, Rey & Co.* (1942), 381 Ill. 162, 45 N.E.2d 26; *Department of Finance v. Gandolfi* (1940), 375 Ill. 237, 30 N.E.2d 737; *Department of Finance v. Cohen* (1938), 369 Ill. 510, 17 N.E.2d 327), but urges this court to re-examine this issue in the light of more recent decisions of other courts, citing *Withrow v. Larkin* (1975), 421 U.S. 35, 43 L. Ed. 2d 712, 95 S. Ct. 1456; *Morrissey v. Brewer* (1972), 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593; *Goldberg v. Kelly* (1970), 397 U.S. 254, 25 L. Ed. 2d 287, 90 S. Ct. 1011; and *Huber Pontiac, Inc. v. Allphin* (S.D. Ill. 1977), 431 F. Supp. 1168, *rev'd on other grounds* (7th Cir. 1978), 585 F.2d 817. We find these cases either inapposite or not controlling. Instead, dispositive of this issue are recent decisions of this court which hold that having the hearing officer also act as a representative of the Department is not, in and of itself, a constitutional deprivation of due process. (*Howard Worthington, Inc. v. Department of Revenue* (1981), 96 Ill. App. 3d 1132, 421 N.E.2d 1030; *Lakeland Construction Co. v. Department of Revenue* (1978), 62 Ill. App. 3d 1036, 379 N.E.2d 859; *Sundstrand Corp. v. Department of Revenue* (1975), 34 Ill. App. 3d 694, 339 N.E.2d 351.) Thus, since plaintiff's real challenge is addressed only to the general procedure and not to any particular facts in the way the hearing was conducted below, we reject this contention in view of the settled law in Illinois.

Plaintiff next contends that it is entitled to a refund pursuant to section 6 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1979, ch. 120, par. 445) "as the result of a mistake of fact or an error of law." In this regard plaintiff advances two different bases for that contention. First, plaintiff argues that it was the duty of plaintiff's suppliers to collect and pay the tax and that plaintiff does not owe the tax that it paid for the entire period from October 1967 through December 1975 amounting to $28,889.53. Alternatively, plaintiff contends that it does not owe $16,814.67, which was the amount pertaining to the period between October 1967 and August 1973, since that sum is barred by the three-year statute of limitations set forth in section 5 of the Act. Ill. Rev. Stat. 1979, ch. 120, par. 444.

■■■ The right to a refund is of statutory origin, and in the absence of a statute, taxes voluntarily, though erroneously paid, cannot be recovered. (*Snyderman v. Isaacs* (1964), 31 Ill. 2d 192, 201 N.E.2d 106; *W. F. Monroe*

*Cigar Co. v. Department of Revenue* (1977), 50 Ill. App. 3d 161, 365 N.E.2d 574.) The Illinois General Assembly has enacted such a refund provision as part of the Illinois Retailers' Occupation Tax Act. (See *People ex rel. Herlihy Mid-Continent Co. v. Nudelman* (1938), 370 Ill. 237, 18 N.E.2d 225.) Section 6 provides, *inter alia*, as follows:

> "If it appears, after claim therefor filed with the Department, that an amount of tax or penalty or interest has been paid which was not due under this Act, whether as the result of a mistake of fact or an error of law, except as hereinafter provided, then the Department shall issue a credit memorandum or refund to the person who made the erroneous payment or, if that person has died or become incompetent, to his legal representative, as such." (Ill. Rev. Stat. 1979, ch. 120, par. 445.)

In considering plaintiff's first contention, that it did not owe the tax because it was the obligation of its suppliers to collect and pay the tax, a well-established principle of law is involved. Findings of the Department of Revenue on questions of fact are *prima facie* correct and are not to be disturbed on review unless manifestly against the weight of the evidence. (*Marion Power Shovel Co. v. Department of Revenue* (1969), 42 Ill. 2d 13, 244 N.E.2d 598; *W. F. Monroe Cigar Co. v. Department of Revenue* (1977), 50 Ill. App. 3d 161, 163, 365 N.E.2d 574.) A corrected return as prepared by the Department is deemed *prima facie* correct. *Howard Worthington, Inc. v. Department of Revenue* (1981), 96 Ill. App. 3d 1132, 1134, 421 N.E.2d 1030.

Mr. Magnusen, a Department auditor, testified and Department exhibits in the record show, that during the period in question from October 1967 through December 1975, the plaintiff had unreported receipts from taxable sales, in-state purchases and purchases subject to use tax resulting in a tax of $23,581.66. While it is apparent that the plaintiff's business in 1967 involved little work which led to its reliance upon its suppliers to collect the retail taxes at the Department's suggestion, the business changed over the years so that it engaged in both the use and sale of personal property subject to the taxes. The plaintiff failed to introduce into evidence any receipts or other evidence of payment of the taxes to its suppliers or any proofs to rebut the evidence that it made a significant number of sales at retail for which it incurred retailers' occupation tax. Plaintiff's employee Edwards' statement that it was his "impression" that the suppliers it purchased from were paying the tax on the sale and charging it to plaintiff, was unsupported by any other evidence. Thus, we conclude that plaintiff has failed to rebut the *prima facie* case made by the Department that it owed both sales and use taxes.

The second basis for plaintiff's contention that the taxes paid by it was the result of a mistake of fact or an error of law and thus it is entitled

to a refund is premised on its argument that the taxes paid were barred by the applicable three-year statute of limitations contained in section 5 of the Act. (Ill. Rev. Stat. 1979, ch. 120, par. 444.) The statute of limitations contained in section 5 provides, in pertinent part as follows:

> "Except in case of wilful failure or refusal to file a return when due, or with the consent of the person to whom the notice of tax liability is to be issued, no notice of tax liability shall be issued on and after each July 1 and January 1 covering gross receipts received during any month or period of time more than 3 years prior to such July 1 and January 1, respectively: Provided, however, that the foregoing limitations upon the issuance of a notice of tax liability shall not apply to the issuance of any such notice with respect to any period of time prior thereto in cases where the Department has, within the period of limitation then provided, notified a person of the amount of tax computed even though the Department had not determined the amount of tax due from such person in the manner required herein prior to the issuance of such notice, but in no case shall the amount of any such notice of tax liability for any period otherwise barred by this Act exceed for such period the amount shown in the notice theretofore issued."

In the instant case, taxes for the period from October 1967 through August 1973, amounting to $16,814.67, were not sought to be collected until August 1976. Thus, plaintiff argues that $16,814.67 of the $23,581.66 paid on August 31, 1976, was paid as a result of a mistake of fact or an error of law, *i.e.*, the three-year statute of limitations, and should be returned to it.

■■■ Generally, statutes of limitations affect the remedy by limiting the period within which legal action may be brought or remedies enforced; they bar the right to sue for recovery but do not extinguish the underlying debt which remains as before. (*Fleming v. Yeazel* (1942), 379 Ill. 343, 40 N.E.2d 507; *Cook v. Britt* (1972), 8 Ill. App. 3d 674, 290 N.E.2d 908.) In *La Pine Scientific Co. v. Lenckos* (1981), 95 Ill. App. 3d 955,420 N.E.2d 655, the appellate court held that the Department (of Revenue) could set off assessments barred by the statute of limitations against an overpayment of income taxes and payments due to it for merchandise sold to the State and held by it. The court stated:

> "It is clear that the assessments in question remain as debts owing to the State but are not enforceable by means of a lawsuit brought by the State. They had not been 'extinguished' as the trial court found but were merely unenforceable in a court of law. As such, the assessments are still claims 'then due and payable' for purposes of section 10.05 and were properly set off against plaintiff's tax overpayment." (95 Ill. App. 3d 955, 958, 420 N.E.2d 655.)

Thus, we find these cases controlling, and conclude that the limitation

period here only barred the right of the Department to bring an action to recover the taxes and not their right to keep taxes which were paid to it by plaintiff and were validly due the Department.

Plaintiff next argues that the failure of the Department to inform him of the applicable statute of limitations combined with the threats of the Departments employees to "slap a lien on its bank account" and take other legal action against it forced it to sign the return and pay the tax on August 31, 1976, under duress. As a result, plaintiff contends, it did not voluntarily consent to waive the statute of limitations in section 5 of the Act (Ill. Rev. Stat. 1979, ch. 120, par. 444) previously set forth above.

■■ ■ Plaintiff's contention that its "consent" to waive the statute of limitations was under duress misconstrues section 5 of the Act. The prohibition contained in section 5 limits the Department from issuing a notice of tax liability beyond the three-year limitation period without the consent of the person to whom the notice is to be issued. It is evident in the instant case that plaintiff paid the back taxes *before* any notice of tax liability was issued. While a notice of tax liability was later issued for penalties and interest, the penalties and interest on taxes owed prior to August 31, 1973, were subsequently waived by the Department. Thus, plaintiff's consent was unnecessary under this section since the back taxes were paid prior to issuance of the notice of tax liability. Moreover, duress will not be found from the mere informing of the taxpayer of the possible remedies the Department may have, absent fraud, if payment is otherwise voluntary. (See *Richardson Lubricating Co. v. Kinney* (1929), 337 Ill. 122, 168 N.E. 886.) Nevertheless, where, as here, the taxpayer is claiming a credit or refund under section 6 (Ill. Rev. Stat. 1979, ch. 120, par. 445) as the result of a mistake of fact or error of law, we believe the actions of the Department may not induce the mistake of fact or error of law.

■■ In the case at bar, while the Department disputes the plaintiff's claim of duress at the time plaintiff paid the back taxes, it is clearly evident from the record that at the time of this payment on August 31, 1976, the statute of limitations barred legal action by the Department and yet, the Department advised plaintiff of remedies available to the Department to enforce collection of the tax which included legal remedies. In fact, those legal remedies were not available to the Department here since the plaintiff was found not to have wilfully failed or refused to file returns. Under these circumstances, the Department's actions induced plaintiff to believe that taxes were owed which the Department could collect through available legal remedies. As this was incorrect in both fact and law, the plaintiff's payment under these facts was in error and it is entitled to a refund of $16,814.67 for the period from October 1967 through August 1973. The Department knew under section 5 that it could not issue a notice of tax liability, it knew that legal action could not be taken to

collect taxes beyond the three-year limitation period, and still advised the plaintiff of legal remedies which, in fact, could not be used here. Under these circumstances, the Department's action induced plaintiff into paying taxes it otherwise would not have had to pay.

■■ The Department makes the additional argument that even if a tax is paid as a result of a mistake of fact or an error of law, no credit or refund is allowed unless it appears that the claimant bore the burden of such amount. It contends that there is some evidence in the record that plaintiff charged and kept the tax from those to whom it sold. While it is true that if the taxpayer making the claim has passed the tax on to the customer he is not entitled to credit although the taxes were paid in error (*Chuck Thiel Auto Sales, Inc. v. Isaacs* (1962), 24 Ill. 2d 302, 181 N.E.2d 149; *W. F. Monroe Cigar Co. v. Department of Revenue* (1977), 50 Ill. App. 3d 161, 162, 365 N.E.2d 574), the record here falls short of warranting the conclusion that plaintiff did not bear the burden of the tax. No competent evidence was introduced by the Department to support this argument. While there is a conclusion to this effect contained in an interoffice letter of a Department auditor, no evidence is in the record to support such a conclusion and we therefore reject it.

For the foregoing reasons, we find the plaintiff is entitled to a refund of $16,814.67 and any statutory interest to be computed thereon, and reverse that portion of the judgment and remand for computation of statutory interest. In all other respects the judgment of the trial court is affirmed.

Affirmed in part, reversed in part and remanded.

NASH and LINDBERG, JJ., concur.