JOSEPHINE SKACH *et al.*, Plaintiffs and Counterdefendants-Appellants, v. GEORGE F. GEE *et al.*, Defendants and Counterplaintiffs and Third-Party Plaintiffs-Appellees (George Clayton Mikelson *et al.*, Third-Party Defendants).

First District (2nd Division)   No. 84—2275

Opinion filed September 30, 1985.

Michael T. Nigro, of Nigro & Westfall, P.C., of Glendale Heights, for appellants.

F. Kenneth Friker, of Klein, Thorpe & Jenkins, Ltd., of Chicago, for appellees.

JUSTICE BILANDIC delivered the opinion of the court:

This is an action to quiet title to real property and a counterclaim to foreclose on two real estate mortgages on the same property.

Third-party defendants George Clayton Mikelson and his wife, Shirley (hereinafter the Mikelsons), owned a parcel of residential real estate in Cook County. It was encumbered by three mortgages. The first and second mortgages were owned by George Gee, as trustee for Orland State Bank, and Orland State Bank (hereinafter collectively Orland). The third mortgage was owned by an unidentified entity not involved in this proceeding.

Upon default, the owner of the third mortgage instituted a fore-closure action which did not join the first and second mortgage hold-ers as parties. The record reveals that the property is worth about $250,000. The two prior mortgages secure notes in the principal sum of $40,000 each, for a total of $80,000.

Plaintiffs Josephine Skach and George B. Javaras (hereinafter plaintiffs) were the successful bidders at the foreclosure sale of the third mortgage and eventually acquired title by a sheriff's deed for the sum of $22,416.

At this point, it is appropriate to note that plaintiffs are not the real parties in interest. The record reveals that they are nominees for Frank Skach, Josephine's husband, and Paul Javaras, George's brother, who are associated in the purchase of residential real estate at foreclosure sales. Frank Skach has over 25 years' experience in such transactions and has purchased over 100 properties in this manner.

Having acquired title through a sheriff's deed, plaintiffs now seek to extinguish the lien of the first and second mortgages and the eq-uity of the Mikelsons by this action to quiet title. Counterplaintiffs Gee and Orland assert the priority of the liens of their first and sec-ond mortgages by their foreclosure action.

The trial court denied cross motions for summary judgment. After trial, the court entered judgment for Gee and Orland on plaintiffs' suit to quiet title and entered a judgment of foreclosure and sale with respect to the first and second mortgages.

The principal issue we are asked to determine is whether the lien of the first and second mortgages is valid and binding against the plaintiffs. Plaintiffs also contend that the court erred in denying their motion for summary judgment; in entering judgment of foreclosure and sale; and in assessing fees and costs against them.

## I

The Mikelsons executed two trust deeds to secure notes in the

principal sum of $40,000 each, payable at a stated rate of interest with a fixed maturity date. Both trust deeds were executed and recorded prior to plaintiffs' acquisition of title through a sheriff's deed.

The record reveals that the Mikelsons substituted numerous collateral promissory notes for the original notes ($40,000 each) secured by the trust deeds, and that the Mikelsons and Orland intended the substituted notes to be secured by the two trust deeds. At the time plaintiffs came into title, the balances due on the notes substantially exceeded the $80,000 secured by the two trust deeds. Orland does not seek a mortgage or security interest beyond the $80,000 principal amount set forth in the trust deeds, plus interest and costs. No third-party rights intervened prior to Orland's security interest.

Plaintiffs seek to void the lien of Orland's mortgages on the ground that they do not comply with section 11 of "An Act concerning conveyances" (Ill. Rev. Stat. 1983, ch. 30, par. 10), in that they did not state the correct amount or due date of the debt caused when the new notes were substituted for those specified in the trust deeds. Plaintiffs admit having a title report disclosing Orland's mortgages and being aware of them from the public records prior to acquiring title. However, they did not have knowledge of the exact balance due and were prevented from obtaining such knowledge because State law prohibits banks from disclosing such information. (Ill. Rev. Stat. 1983, ch. 17, par. 360.) Nevertheless, they were aware of the ceiling of $80,000.

Orland contends that the recorded trust deeds complied with section 11 of "An Act concerning conveyances" (Ill. Rev. Stat. 1983, ch. 30, par. 10), and that plaintiffs had actual and constructive notice and are estopped from contesting their validity.

■ The law is well settled in Illinois that a change in the evidence of a debt does not cancel the old debt where the parties intend to maintain the full force and effect of the original debt. Such a change in form or evidence of the debt will not discharge or impair the security of the debt unless so intended by the parties. *Stein v. Kaun* (1910), 244 Ill. 32, 91 N.E. 77; *Salem National Bank v. White* (1895), 159 Ill. 136, 42 N.E. 312; *Citizens' National Bank v. Dayton* (1886), 116 Ill. 257, 4 N.E. 492; *Worchester National Bank v. Cheeney* (1878), 87 Ill. 602; *Roberts v. Lawrence* (1885), 16 Ill. App. 453.

■ In this case, the trial court properly concluded that Orland and the Mikelsons never intended a satisfaction or release of the original indebtedness nor a release or waiver of the security documents.

Plaintiffs rely on *Ryan v. Trustees of the Town of Shawneetown* (1852), 14 Ill. 20, *Bullock v. Battenhousen* (1883), 108 Ill. 28, and

*Northridge Bank v. Lakeshore Commercial Finance Corp.* (1977), 48 Ill. App. 3d 82, 365 N.E.2d 382, *appeal denied* (1977), 66 Ill. 2d 631. These cases are not applicable because each dealt with a clear defect, on the face of the recorded document, of an essential element required by the Illinois conveyances act. The trial court correctly distinguished the facts in this case. The recorded documents provided plaintiffs with the required statutory information. The trial court properly concluded: "You were advised that there were two Trust Deeds, and those Trust Deeds said [forty] thousand dollars each. So, you knew what the cap was. You knew that it said seven and a half percent, both of them said seven and a half percent. What the individual owners did with the bank prior to your acquiring the property, you have no standing to challenge that. You were on notice that there is a mortgage for $40,000 at seven and a half percent payable in seven years; a mortgage for $40,000 at seven and a half percent payable in ten years. You knew exactly what was against this particular property."

■■ ■ The record reveals that plaintiffs obtained their sheriff's deed on a bid of $22,416, but obtained title insurance in the sum of $275,000. This indicates that plaintiffs considered the first and second mortgages in making their bid. "Where property that is subject to a mortgage is conveyed, it need not be expressly stated in the deed that the mortgage deed is a part of the consideration, if it can be reasonably inferred that the incumbrance is a part of the consideration for the purchase price. Whether it is so agreed in express terms is not material. The legal effect is the same." (*Franklin County Building & Loan Association v. Blood* (1929), 255 Ill. App. 175, 185.) In such a situation, "[i]t would be inequitable, after his having received the benefit of the incumbrances by deducting the amount thereof from the consideration paid for the land, to permit him to keep it himself, and not apply it to the purpose for which it was set apart and reserved in his hands." (*Essley v. Sloan* (1886), 116 Ill. 391, 399, 6 N.E. 449.) Thus, "[a] grantee who thus takes a conveyance subject to a mortgage is presumed to have included the mortgage debt in the purchase price, and is not, therefore, permitted to dispute the validity of the mortgage; in this respect he is in the same position as one who expressly assumes the mortgage.' " *Terre Haute Trust Co. v. Wells Whip Co.* (1918), 210 Ill. App. 602, 607, quoting Pomeroy, Equity Jurisprudence sec. 1205.

We, therefore, conclude that the trial court correctly determined that the first and second mortgages constituted a valid lien on the property and that under the facts and circumstances of this case, the

plaintiffs were estopped from challenging these mortgages.

## II

■ Plaintiffs allege that it was error for the trial court to deny their motion for summary judgment. However, plaintiffs recognize that the denial of a motion for summary judgment is not reviewable on appeal after a trial has been held because any error in denial merges into the subsequent appeal. (*Banwart v. Okesson* (1980), 83 Ill. App. 3d 222, 225, 403 N.E.2d 1234.) Plaintiffs argue that the present trial was never completed because the trial court granted Orland's motion for a directed finding. We disagree. Plaintiffs presented all the evidence available to them. Thus, an evidentiary hearing was held, and the trial court found their evidence insufficient. Therefore, the summary judgment of the trial court is not reviewable. *Clark v. Maddux* (1983), 118 Ill. App. 3d 546, 549-50, 454 N.E.2d 1179, *appeal denied* (1984), 96 Ill. 2d 567.

## III

■■ Having determined the validity of Orland's mortgages, it is obvious that a foreclosure is appropriate. Plaintiffs contend that the trial court erred in determining the amount due in foreclosure because it failed initially to apply amounts paid by the Mikelsons to Orland to the debts secured by the trust deeds. However, Orland correctly points out that, absent direction from the debtor, payments may be applied by the creditor in the manner chosen by him. (*B. Kreisman & Co. v. First Arlington National Bank* (1980), 91 Ill. App. 3d 847, 854, 415 N.E.2d 1070.) The general rule is that where a creditor holds both secured and unsecured debts of a debtor, he may apply payments made to the unsecured debts because it would be contrary to public policy to require a creditor to apply unspecified payments to secured debts, thereby depriving a creditor of his lien. (91 Ill. App. 3d 847, 854.) Because there is no evidence that the Mikelsons specifically instructed Orland to apply their payments to their secured debts, plaintiffs' argument is misplaced. Although this general rule is based upon principles of equity and is not inflexible (91 Ill. App. 3d 847, 854), there do not appear to be any considerations of equity in the present case which would require departure from the general rule.

## IV

Finally, plaintiffs question the allowance of fees to the attorneys for Orland for the foreclosure and defense of the action to quiet title. ■■ It is the general rule that a provision in a mortgage cover-

ing attorney fees and costs includes not only those fees incurred in connection with the foreclosure of the mortgage, but also any and all attorney fees and necessary expenses incurred in any collateral litigation in which the mortgagee may be a party by reason of his relation to the debt or the mortgage or deed securing it. (*Washington Home v. Van Meter* (1938), 297 Ill. App. 591, 598-99, 18 N.E.2d 81.) In the present case, the suit to quiet title was a collateral litigation in which Orland was a party by virtue of the trust deeds. The defense was critical to the very survival of the liens of the first and second mortgages. Thus, the trial court may properly assess attorney fees and costs incurred through this litigation.

The mortgage documents provided for the usual fees and costs in the event of foreclosure. In addition, there is provision for fees and costs to "remove encumbrances," and to "protect the title" in any "suit or proceeding in relation thereto." These fees and costs become an additional amount incurred by the mortgagee, includable with the mortgage balance and payable from the proceeds of the foreclosure sale. Thus, the fees and costs are not taxed against the plaintiffs, who, under the result of this appeal, have no standing to object.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

PERLIN and HARTMAN, JJ., concur.