**In re BARTON CHEMICAL CORPORATION, Debtor.**

**BARTON CHEMICAL CORPORATION, Plaintiff,**

v.

**MOBIL PETROCHEMICAL SALES AND SUPPLY CORPORATION, Mobil Polymers International Ltd., n/k/a Mobil Plastics Recycling Corporation, and American National Bank & Trust Company of Chicago, Defendants.**

**Bankruptcy No. 93 B 3766.
Adv. No. 93 A 357.**

United States Bankruptcy Court, N.D. Illinois, E.D.

June 30, 1993.

Glenn R. Heyman, David K. Welch, Scott R. Clar, Dannen Drane Heyman & Simon, Chicago, IL, for plaintiff Barton Chemical Corp.

Arthur W. Friedman, Terry John Malik, John B. Griffith, Winston & Strawn, Chicago, IL, for defendant American Nat. Bank.

Marc O. Beem, Arthur W. Friedman, Lisa Ramsden, Miller Shakman Hamilton Kurtzon & Schlifke, Chicago, IL, for Mobil defendants.

## MEMORANDUM OPINION ON THE MOBIL DEFENDANTS' MOTION TO DISMISS COUNT II OF DEBTOR'S COMPLAINT

JACK B. SCHMETTERER, Bankruptcy Judge.

Plaintiff Barton Chemical Corporation ("Barton") is debtor-in-possession of its ongoing business in the related bankruptcy proceeding that it filed under Chapter 11 of the Bankruptcy Code, Title 11 U.S.C. It filed this two-count Amended Adversary Complaint against Mobil Petrochemical Sales and Supply Corporation ("Mobil Sales"); Mobil Polymers International Ltd., now known as Mobil Plastics Recycling Corporation ("Mobil Polymers") (collectively, the two Mobil defendants are referred to as "Mobil"); and American National Bank & Trust Company of Chicago ("American National"). In Count II, Barton seeks declaratory and injunctive relief to prevent Mobil from drawing on a letter of credit that was established by Barton in favor of defendants at American National. Barton has moved for a preliminary injunction seeking the relief requested in Count II.

Mobil filed answers to Barton's pleadings and motion, and then moved to dismiss Count II of the Complaint and the preliminary injunction motion pursuant to Fed.R.Civ.P. 12(b)(6) (Fed.R.Bankr.P. 7012).

Pending ruling on this motion to dismiss, a trial date was set on the injunction request. The parties agreed to hold the status quo until this ruling, or until trial if the motion were denied. Having considered the pleadings and legal memoranda submit-

ted by Mobil and Barton, by separate order the Court allows Mobil's motion. Count II of the Adversary Complaint is dismissed, and Barton's Motion for Preliminary Injunction is denied.

## FACTUAL ALLEGATIONS

Barton filed its Chapter 11 proceeding on February 19, 1993. Prior to that date, Barton owed Mobil $1,998,196.87 from the unpaid purchase of ethylene glycol by Barton from Mobil.

Barton's debt to Mobil is secured by a Letter of Credit issued by American National.[1] The document is entitled an "Irrevocable Standby Documentary Credit". Complaint, Ex. A. It names Mobil Sales as the beneficiary, and allows that entity to draw $515,000 "against presentation of the documents detailed herein and of your drafts at sight drawn on us". *Id.* One of the documents required for a draw on the Letter of Credit is the "Beneficiary's signed statement certifying that 'applicant [Barton] has not paid the invoice for the shipment of monoethylene glycol ... Barge # Art 937B.' " *Id.*

The original expiration date of the Letter of Credit was in December of 1992. *Id.* However, the expiration date was extended to March 31, 1993 by an amendment dated December 4, 1992. Complaint, Ex. B.[2] It has since been extended to June 30, 1993.

Prior to the March extension, Barton sent a letter dated November 23, 1992 to Mobil Polymers stating:

> We propose to return ethylene glycol to you for credit to our account in the approximate amount of $1,275,000 which will result in a new unpaid balance of $210,822 not secured by a letter of credit. We agree to liquidate this amount by

March 31, 1993 by paying it in $50,000 monthly installments.

*Id.* Paragraph 12 of the Amended Complaint alleges that Barton "agreed to return ethylene glycol to Mobil for credit to Barton's account ..., resulting in a new unpaid balance of $210,822.00". However, the actual letter sent by Barton stated that returning glycol to Mobil would result in "a new unpaid balance of $210,822 not secured by a letter of credit." *Id.* The November 23 letter further stated that "[t]he amount due Mobil secured by the Letter of Credit in the amount of $515,000 will be repaid by June 30, 1993." *Id.* Thus, the letter clearly provided that return of glycol would not affect the Letter of Credit, that Barton would still owe Mobil about $725,000 after return of the glycol, and that $515,000 of that debt would remain secured by the Letter of Credit. The November 23 letter has no other reasonable interpretation. It is not ambiguous.

It is alleged (and deemed admitted for purposes of this motion) that in December of 1992 Barton returned to Mobil $1,274,-261.45 worth of the glycol originally obtained from Mobil and that Barton also made payments to Mobil totalling $100,000.

That left a substantial debt still due to Mobil.[3] The issue here is whether that debt is subject to the Letter of Credit or apart from it. Barton alleges that its "payment and the return of glycol extinguished the debt owed to Mobil secured by the Letter of Credit." Amended Complaint, ¶ 17. It further alleges that,

> Despite Barton's adherence to the agreement dated November 23, 1992, which constituted payment of Mobil's invoice secured by the Letter of Credit, and the return of the glycol secured by the Letter of Credit, Mobil has made a demand as of March 19, 1993, upon [American

---

**1.** This letter of credit was attached to the original complaint and incorporated by reference into the pleadings by Barton's Amended Complaint, ¶ 10.

**2.** Exhibit B to the Complaint consists of an amendment to the Letter of Credit and a letter from Mr. Jerome Engerman at Barton to Mr. George Hidalgo at Mobil Polymers. Like Exhibit A, both parts of this exhibit were incorporated

by reference into the pleadings by Barton. Amended Complaint, ¶ 12.

**3.** Barton admits that $210,822 is owing. Amended Complaint, ¶ 12. However, on the original debt of $1,998,196.87, return of glycol in the amount of $1,274,261.45 (if fully credited) plus payment of $100,000 would leave a balance of $623,935.42. For purposes of this ruling, the precise amount need not be fixed.

National] for payment pursuant to the Letter of Credit.

Amended Complaint, ¶ 18.

Based on these allegations, Barton seeks the following relief in Count II of its Amended Complaint:

A. injunction against American National from paying out on the Letter of Credit to Mobil, and against Mobil to bar it from drawing thereon;

B. declaratory judgment that the November 23, 1992 letter from Barton to Mobil constitutes an enforceable contract which was breached when Mobil earlier sought payment on the Letter of Credit; and

C. declaratory judgment that the glycol referred to in the Letter of Credit was returned to Mobil, and that such return thereby terminated Mobil's rights under the Letter of Credit.

## Jurisdiction

This matter is before the Court pursuant to 28 U.S.C. § 157, and is referred under Local District Court Rule 2.33. The Court has subject matter jurisdiction under 28 U.S.C. § 1334, and this is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

## DISCUSSION

A motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) should be granted only if it appears from the pleadings that the plaintiff cannot prove any set of facts in support of its claim that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Gorski v. Troy*, 929 F.2d 1183, 1186 (7th Cir.1991).

To determine whether to grant a preliminary injunction motion, it must be considered whether (1) the movant has an adequate remedy at law, (2) the movant will suffer irreparable harm if the injunction is not issued, (3) the harm suffered by the movant in not issuing the injunction outweighs the harm suffered by the defendant as a result of the injunction, and (4) the movant has a reasonable likelihood of success on the merits. *Matter of L & S Industries, Inc.*, 989 F.2d 929, 932 (7th Cir.

1993) (and cases cited therein). *See also In re Leber*, 134 B.R. 911, 917 (Bankr.N.D.Ill. 1991) (collective Seventh Circuit authority establishing these elements).

■ In this case, Barton is seeking to enjoin a beneficiary from drawing upon a letter of credit. Such an injunction interferes with the well-established legal principle which separates the payment of letters of credit from disputes over the underlying contracts. *See* 810 ILCS 5/5–114 (UCC § 5–114), and *Eakin v. Continental Ill. Bank & Trust Co.*, 875 F.2d 114, 116 (7th Cir.1989):

> Letters of credit are designed to avoid complex commercial disputes about how much beneficiaries 'really' owe. The promise and premise are 'pay now, argue later' ... under the Illinois version of the UCC ... the issuer must pay without regard to the rights and defenses available on the underlying contract.

Thus, such injunctions can only be issued to prevent a fraud. As noted in *Stringer Construction Company, Inc. v. American Ins. Co.*, 102 Ill.App.3d 919, 430 N.E.2d 1, 6 (1st Dist.1981) (citations omitted),

> An injunction against honor, which interferes with business transactions freely negotiated between the parties ..., should be limited to situations where the wrongdoing of the beneficiary so vitiated the entire transaction that the legitimate purposes of the independence of the issuer's obligation would no longer be served.

If a debt secured by a Letter of Credit were fully paid, it would likely work a fraud for the former creditor to draw on the Letter. However, Mobil's motion to dismiss must be granted because it appears from the pleadings that Barton could not prove any facts to establish that the debt protected by the Letter of Credit was fully paid.

The basis asserted for Count II and the preliminary injunction motion is that (1) the Letter of Credit was only payable if the invoice for the shipment contained on "Barge # Art 937B" was not paid; but that (2) that very invoice was in fact fully paid

via the return of glycol to Mobil; and (3) therefore, the Letter of Credit cannot be drawn upon, and any attempt to do so would impair Barton's credit during the reorganization and work a fraud upon it.

■ However, Barton effectively admits in its own pleadings that the Letter of Credit was not cancelled by the return of glycol. The November 23 letter, which was incorporated into the pleadings, states that returning glycol to Mobil would result in "a new unpaid balance of $210,822 not secured by a letter of credit," and that "[t]he amount due Mobil secured by the letter of credit ... will be repaid by June 30, 1993." Ex. B. If the full return of glycol in the amount of $1,274,261.45 is fully credited against the original debt of $1,998,196.87 along with payment of $100,000, there is a balance of $623,935.42 yet due. Since only $210,882 is "not secured by the letter of credit", a debt of $412,379.45 remains secured thereby, according to the Amended Complaint.

The extension of the Letter of Credit's expiration date in the very month that the glycol was returned further supports the conclusion that the Letter of Credit was intended to be left intact and effective. If Mobil's rights under the Letter of Credit were to be cancelled by the return of glycol, then there would be no need to obtain the extension. The only reasonable reading of the November 23 letter, both by its express terms and in context, is that Barton was proposing that the Letter of Credit be left intact after the glycol was returned. Thus, if the Court grants Barton's request to declare that this letter is an enforceable contract, then the effect must be given to the above quoted language so as to find that the Letter of Credit remained effective and could be drawn upon by Mobil.

The only way in which Barton could prevail on Count II would be for it to prove that the November 23 letter was *not* an enforceable contract and that Mobil agreed to apply the proceeds from returned glycol to pay the balance due on the specific invoice referenced in the letter of credit. However, there are no factual allegations made to support any inference that Mobil had or agreed to such an obligation.

■ Furthermore, such an obligation does not exist as a matter of law. When a creditor holds various accounts of a debtor, and that debtor has not directed how a payment is to be applied, then that creditor may apply payments received to its best advantage. *Herget National Bank v. U.S. Life Title Ins. Co.*, 809 F.2d 413, 418 (7th Cir.1987); *In re Annde Foods, Inc.*, 110 B.R. 346, 349 (Bankr.N.D.Ill.1989). *See also Skach v. Gee*, 137 Ill.App.3d 216, 484 N.E.2d 441, 444 (1st Dist.1985) (citations omitted):

> [A]bsent direction from the debtor, payments may be applied by the creditor in the manner chosen by him. ... The general rule is that where a creditor holds both secured and unsecured debts of a debtor, he may apply payments made to the unsecured debts because it would be contrary to public policy to require a creditor to apply unspecified payments to secured debts, thereby depriving a creditor of his lien.

■ However, there is no need to rely on such principles. The November 23 letter directed Mobil to apply proceeds from the return of glycol to unpaid accounts in a way that preserved the Letter of Credit protection to Mobil. At the time, Mobil could have drawn on the Letter of Credit rather than reach any accommodation. Instead, it refrained from exercising this right, but retained the right to do so in the future. Barton has not alleged any facts to demonstrate that Mobil gave up a valuable protection (worth up to $515,000) when it accepted an accommodation by which its right to draw upon the Letter of Credit was deferred but preserved.

## CONCLUSION

A declaratory judgment cannot be entered in favor of Barton for two reasons. First, if the November 23 letter constitutes an enforceable agreement, it leaves Mobil free to be able to draw on the Letter of Credit. Second, if the November 23 letter is not an enforceable agreement, there is no other pleaded ground on which it can be

inferred that Barton ever directed or Mobil ever agreed that credit from return of glycol was to be applied to the invoice referred to in the Letter of Credit. Absent such direction or agreement, Mobil had the right, as a matter of law, to direct the credit to satisfy invoices other than the one referred to in the Letter of Credit. Indeed, the November 23 letter itself authorized such an application of credit for returned glycol. Therefore, Barton retains the right to draw on the Letter of Credit issued by American National Bank. Since that is demonstrated in the pleading, Count II of the Amended Complaint fails to state grounds for relief.

The request for injunctive relief must be denied since there is no legal basis pleaded on which to prevent the exercise of rights under the Letter of Credit. Barton has no chance of prevailing on the merits, and therefore it has no right to an injunction.

Accordingly, by order entered separately this day, Mobil's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (Fed.R.Bankr.P. 7012) is granted. Count II of Barton's Amended Complaint will be dismissed, and Barton's Motion for Preliminary Injunction will be denied. Since the Letter of Credit expires on the date of this order, it is appropriate that the Court act *sua sponte* to modify the statutory automatic stay under 11 U.S.C. § 362, if that be necessary to allow a draw today on the Letter of Credit. Otherwise, Mobil will lose its rights from expiration of the Letter despite prevailing here. Accordingly, the order provides for such limited stay modification.