The Defendant's Affirmative Defense fails on a number of levels.[7] Statutes of limitation do not have the legal effect supposed by the Defendant. They do not negate parties' rights, but rather deny legal recourse on such rights in very specific circumstances. Further, even if a statute of limitations has run on a security agreement or mortgage, under Illinois law, those instruments remain good and enforceable so long as the underlying debt also remains enforceable and unsatisfied.
The court will consider each of these issues, in turn.
A. Statutes of Limitation Do Not Extinguish Causes of Action
Recently, bankruptcy and other courts have been given cause to examine in detail the effect of statutes of limitations on claims. See, e.g. , Midland Funding, LLC v. Johnson , --- U.S. ----, 137 S.Ct. 1407, 1412-14, 197 L.Ed.2d 790 (2017) ; Owens v. LVNV Funding, LLC , 832 F.3d 726, 731 (7th Cir. 2016), cert. denied, --- U.S. ----, 137 S. Ct. 2157, 198 L.Ed.2d 231 (2017) ; Glenn v. Cavalry Invs. LLC(In re Glenn) , 542 B.R. 833, 843-44 (Bankr. N.D. Ill. 2016) (Barnes, J.).
In Glenn , this court addressed in detail how parties' rights persist, even after the expiration of the statute of limitation. Glenn , 542 B.R. at 842-43. It noted that in Illinois, statutes of limitations differ from statutes of repose. The latter extinguishes obligations, while the former does not. Instead, statutes of limitation simply deny recourse with the courts. Id. ; see also Owens , 832 F.3d at 731 ("In most jurisdictions, including Illinois and Indiana, the expiration of the statute of limitations period does not extinguish the underlying debt."). Statutes of limitations therefore, at least in this context, exist to provide affirmative defenses to time-barred breach of contract claims. Fleming v. Yeazel , 379 Ill. 343, 40 N.E.2d 507, 508 (1942) ; Newland v. Marsh , 19 Ill. 376, 383-85 (1857) ; accord Spear v. Norwest Bank Neb.(In re Estate of Reading) , 261 Neb. 897, 626 N.W.2d 595, 600-01 (2001).
The running of a statute of limitations will not, therefore, for example, prevent an executor from applying a decedent's property to pay off outstanding, time-barred debts before making distributions, Fleming , 40 N.E.2d at 508, nor will it preclude setoff or recoupment based on a time-barred contract. La Pine Sci. Co. v. Lenckos , 95 Ill.App.3d 955, 51 Ill.Dec. 241, 420 N.E.2d 655, 658 (1981). Similarly, a secured party in possession of collateral when the statute runs may, nevertheless, retain its collateral until the time-barred debt is paid. Glenn , 542 B.R. at 844 (citing Gratiot v. United States , 40 U.S. (15 Pet.) 336, 370, 10 L.Ed. 759 (1841) ); Am. Acoustics & Plastering Co. v. Dep't of Rev. , 107 Ill.App.3d 616, 62 Ill.Dec. 892, 437 N.E.2d 419, 424 (1982) ; accord Davis v. Savage , 50 N.M. 30, 168 P.2d 851, 861-62 (1946).
*504 As statutes of limitations bar only the remedy of lawsuits on contracts and do not nullify contracts themselves, courts have rejected the theory that statutes of limitation on contract claims have a collateral effect in lawsuits where the running of the statute could not be raised directly as an affirmative defense. The Seventh Circuit, for example, where a plaintiff sought payment by insurers of certain medical costs to providers whose collection claims against the plaintiff were already time-barred, rejected the position that the case was moot because the statute of limitations on the providers' claims had run. Killian v. Concert Health Plan , 742 F.3d 651, 663 (7th Cir. 2013). The debts were still owed even though the statute had run, and an action to have the debts satisfied by a third party was not moot merely because the plaintiff would have a defense to a hypothetical collection action by his creditors. Id.
In this matter, there are no claims before the court for a statute of limitations to bar. In the absence of such claims, the Security Agreement, as is discussed below, remains effective and controls the parties' rights. See Killian , 742 F.3d at 663 ; Spear , 626 N.W.2d at 600-01 ; Fleming , 40 N.E.2d at 508. The running of a statute of limitations, even had it occurred, would not deprive DJV of its rights under or property acquired by virtue of the Security Agreement, including the power of attorney and voting rights. Newland , 19 Ill. at 384-85. Directing the Plaintiff to file the Adversary Case is well within the range of conduct permissible on a time-barred contract. Am. Acoustics , 62 Ill.Dec. 892, 437 N.E.2d at 424 (retention and application of collateral in hand to time-barred debt); see also Owens , 832 F.3d at 731 (filing of a proof of claim for a stale debt in a bankruptcy case); Keener v. Crull , 19 Ill. 189, 190-91 (1857) (entering into a new contract with the debtor for the repayment of the stale debt).
Accordingly, the Defendant cannot use the statute of limitations in the Adversary Case to DJV's authority over the Plaintiff ineffective, thereby barring the Plaintiff's action.
B. Security for a Debt Is Incident to the Debt
Even if the Defendant were correct that the running of a statute of limitations limited substantive rights and obligations under the Security Agreement, and assuming for the moment that the limitations period applicable to the Security Agreement had in fact run, the Security Agreement would, nevertheless, be effective and enforceable, as the underlying debt that the Security Agreement secures-the Notes Judgment-has yet to be satisfied and remains enforceable.
Extensions of the time to enforce a debt also extend the life of the security for the debt, and a suit against the security, for example, to foreclose a mortgage, will not be time-barred if the creditor could still enforce the underlying debt, even if the limitations period on the security has run. Kraft v. Holzman , 206 Ill. 548, 549-50, 69 N.E. 574 (1903) (extension of payment term for debt permitted mortgage to remain enforceable even though the statute of limitations for the mortgage had run); Roberts v. Tunnell , 165 Ill. 631, 46 N.E. 713, 714 (1897) (extension of limitations on action on notes also extended limitations for suit to foreclose property securing debt); Schifferstein v. Allison , 123 Ill. 662, 15 N.E. 275, 276 (Ill. 1888) (statute of limitations on enforcing security for a debt to be read as subject to and dependent on statute of limitations on the debt itself).
*505 Further, where a creditor effectively extends the life of a debt by reducing it to judgment, what stood as security for the debt prior to judgment stands as security for the judgment, and that security will remain enforceable while the judgment remains unpaid and enforceable. Priest v. Wheelock , 58 Ill. 114, 116-17 (1871) (where a creditor had obtained a judgment on a note secured by a mortgage, the mortgage secured the judgment after its entry and the creditor could sue to foreclose the mortgage at any time within the period for reviving the judgment); Roberts v. Lawrence , 16 Ill. App. 453, 455-56 (1885) (the security for a debt remains enforceable so long as a judgment for the debt is enforceable; accordingly, the creditor could sue to enforce its consensual lien (which then secured the judgment) even though the statute of limitations on a suit to foreclose the lien had run); see also Skach v. Gee , 137 Ill.App.3d 216, 91 Ill.Dec. 882, 484 N.E.2d 441, 443 (1985) (changes in the form of evidence for a debt do not release the security for that debt). The Adversary Case was commenced on March 1, 2016.
Here, the Plaintiff obtained the Notes Judgment on June 16, 2010. When that occurred, the Security Agreement, which secured the debt on the Notes prior to judgment, then stood as security for the debt on the Notes Judgment after its entry. Priest , 58 Ill. at 116-17 ; Lawrence , 16 Ill. App. at 455-56 ; cf. Skach , 91 Ill.Dec. 882, 484 N.E.2d at 443 ; Kraft , at 549-50, 69 N.E. 574 ; Tunnell , 46 N.E. at 714. The Notes Judgment, however, is not subject to the statute of limitations on written agreements, see 735 ILCS 5/13-206 (the ten-year statute of limitations for written instruments), but the statutes applicable to judgments. See 735 ILCS 5/12-108 (seven-year period for enforcing judgments); 735 ILCS 5/2-1602 (twenty-year period for revival of judgments).
It is undisputed that the Notes Judgment remains unpaid and revivable. Thus, even if the contractual limitations period has run, DJV may still enforce the Notes Judgment and by so doing, still enforce the debt and the security incident to it. The Security Agreement remains bound to the Notes Judgment until that debt is satisfied or barred, and the rights afforded DJV under the Security Agreement, therefore, remain effective.
CONCLUSION
For the reasons stated above, by separate order entered concurrently herewith, the Defendant's Motion will be DENIED and the Plaintiff's Motion will be GRANTED.
ORDER
This matter before the court coming in for consideration on Defendant's Motion for Summary Judgment [Adv. Dkt. No. 80] (the "Defendant's Motion") brought by Nicholas S. Gouletas (the "Defendant") and on Plaintiff's Response to Defendant's Motion for Summary Judgment on Limitations and Cross-Plaintiff's Cross Motion for Summary Judgment [Adv. Dkt. No. 86] (the "Plaintiff's Cross-Motion" and collectively with the Defendant's Motion, the "Motions") brought by 800 South Wells Commercial LLC (the "Plaintiff"), both of which Motions seek summary judgment on the affirmative defense set forth in paragraph 1 of the affirmative defenses (the "First Affirmative Defense") contained the Nicholas S. Gouletas' Answer and Affirmative Defenses to Complaint Objecting to Dischargeability of Debt to Plaintiff and Discharge of Debtor [Adv. Dkt. No. 7], the court having jurisdiction over the subject matter, the court having considered the arguments in the Motions and the related *506 filings and papers, and for the reasons more fully set forth in the Memorandum Decision issued concurrently herewith,
NOW, THEREFORE, IT IS HEREBY ORDERED THAT:
1. The Plaintiff's Cross-Motion is GRANTED.
2. The Defendant's Motion is DENIED.
3. Summary judgment is ENTERED in favor of the Plaintiff and against the Defendant on the First Affirmative Defense.

The Affirmative Defense is not one of the affirmative defenses set forth in Civil Rule 8, see Fed. R. Civ. P. 8(c)(1), though that list is not exhaustive. Jones v. Bock , 549 U.S. 199, 212, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). It is more akin to a capacity claim under Civil Rule 9. See Fed. R. Civ. P. 9(a).