HELEN M. GARDNER et al.

v.

MORRIS COHN et al.

*Opinion filed October 24, 1901.*

1. MORTGAGES—*when record of mortgage is sufficiently certain to be constructive notice.* The record of a mortgage is sufficiently certain to be constructive notice even though the amount of the note secured is not expressly stated, where the note is in other respects identified and the rate of interest is specified, together with the number and amount of each interest coupon and the respective dates for their payment.

2. EQUITY—*when cross-bill is unnecessary.* On bill to foreclose a mortgage, if the answers of the various parties claim liens, the court has power, without the filing of a cross-bill, to determine the existence and priority of the various liens, and to order the premises sold and the proceeds distributed in discharge of such liens according to priority.

3. SAME—*failure of foreclosure decree to specify time for paying amount due is not reversible error.* Failure of a foreclosure decree to specify a period of time within which the defendant might pay the amount found due before the master could advertise the premises for sale is not reversible error, since the allowance of such time is not required by statute but is in the discretion of the chancellor; but such practice is not approved.

*Gardner* v. *Cohn*, 95 Ill. App. 26, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. R. W. HILSCHER, Judge, presiding.

EDDY, HALEY & MUNROE, for appellants:

A subsequent or second mortgagee, without actual notice of the existence of a prior mortgage, is charged with only such notice as the record contains. *Bullock* v. *Battenhousen,* 108 Ill. 28.

The description of a mortgage debt must be correct as far as it goes. 15 Am. & Eng. Ency. of Law, 76; Jones on Mortgages, (5th ed.) sec. 70; *Jewel* v. *President,* 27 Me. 400; *Clay* v. *Owen,* 81 Mass. 521.

A mortgage is required to disclose, with as much certainty as possible, the real character of the indebtedness. If it is given to secure an existing or future liability, the foundation of such liability should be set forth. *Bank* v. *Godfrey*, 23 Ill. 552.

The debt is the principal thing and the mortgage the mere incident. If the principal thing is void or inoperative so will be the incident. *Ogden* v. *Ogden*, 180 Ill. 543; *Lucas* v. *Harris*, 20 id. 169; *Coffing* v. *Taylor*, 16 id. 472; *Ryan* v. *Dunlap*, 18 id. 743; *Warner* v. *Helm*, 1 Gilm. 231.

CHARLES B. CHEADLE, for appellees:

It is sufficient if the amount of the debt secured can be ascertained or inferred from the record. *Battenhousen* v. *Bullock*, 11 Ill. App. 668; *Bramhall* v. *Flood*, 41 Conn. 71; *Booth* v. *Barnum*, 9 id. 286; *Miller* v. *Rouser*, 25 Ill. App. 90.

In the description of the debt substantial accuracy is all that is required. It must be correct as far as it goes, and must be full enough to direct attention to the sources of correct information, and must be such as not to mislead or deceive as to the nature and amount of the debt. *Goff* v. *Price*, 42 W. Va. 384.

The record of a mortgage is constructive notice of whatever appears on its face or may be inferred therefrom. *Bullock* v. *Battenhousen*, 11 Ill. App. 668; 108 Ill. 28; *Bergman* v. *Bogda*, 46 Ill. App. 357.

Whatever puts a party on inquiry amounts, in law, to notice, provided the inquiry becomes a duty, and would lead to knowledge of the requisite fact by the exercise of ordinary diligence and understanding. *Bank* v. *Dayton*, 116 Ill. 264; *Bank* v. *Parsons*, 54 Minn. 56; *Hunter* v. *Stoneburner*, 92 Ill. 75.

Mr. JUSTICE BOGGS delivered the opinion of the court:

As between appellees and the appellant Mrs. Helen M. Gardner, the important question to be determined is whether the record of a certain mortgage on real estate

in Will county, Illinois, given to the appellees by Goodman Greenbaum and Carrie Greenbaum, his wife, on the 12th day of January, 1894, and filed for record in the office of the recorder of deeds of said Will county on the 16th day of January, 1894, is the superior lien to a mortgage on the same real estate executed by the same mortgagors to the said Helen M. Gardner on the 8th day of February, 1896, and duly recorded on the same day.

In the mortgage given to the appellees the indebtedness intended to be secured by it is described as follows: "To secure the payment of one certain promissory note executed by said Goodman Greenbaum, bearing even date herewith, payable to the order of said Morris Cohn and Harris Cohn two years after date, with interest at the rate of seven per cent per annum, payable every three months, said interest being also evidenced by eight coupon notes attached to said principal note and numbered from 2 to 9, inclusive, each being for the sum of $105, and payable, respectively, on the 12th day of April, July, October, 1894, and January, April, July and October, 1895, and January, 1896." It will be noted the sum of money to be paid is not expressly stated in the description of the indebtedness in the mortgage.

The appellant Mrs. Gardner had no actual notice of the mortgage given by said Greenbaum and wife to appellees, and the contention upon her part is, that the statement of the indebtedness incorporated in the mortgage as intended to be secured thereby is so uncertain and indefinite that the record of the mortgage did not operate to charge her with constructive notice thereof. The description in the mortgage of the indebtedness intended to be secured thereby was sufficiently certain to inform the appellant Mrs. Gardner that such indebtedness was evidenced by a note which the mortgagor, Goodman Greenbaum, had executed to the appellees, Morris and Harris Cohn; that the note was of even date with

the mortgage, namely, the 12th day of January, 1894, and would fall due in two years thereafter; that according to the tenor of the note the sum of money for which the note was given bore interest at the rate of seven per cent per annum, payable quarter yearly, and that said quarter yearly payments of interest would amount to the sum of $105 each. The principal of the note was not expressly stated, but it was wholly unnecessary inquiry *aliunde* the description given in the mortgage should be made in order to ascertain such principal sum. The description contained the data necessary to a very simple computation which would disclose the amount of the indebtedness. The principal of the note was the sum upon which interest at the rate of seven per cent per annum would amount to $105 in three months, or $420 in one year. Everything necessary to define the nature of the mortgage indebtedness was accurately set forth in the record of the mortgage, so that another indebtedness could not have been substituted for it. Nothing in the description given in the record tended to deceive or mislead, and the description, within itself, recited facts which disclosed the amount of the encumbrance created by the mortgage with no less certainty than had such amount been expressly stated. The chancellor correctly ruled the record of the mortgage carried notice to the appellant Mrs. Gardner of the lien created by the execution of the instrument.

The proceeding was a bill in chancery by the appellees to foreclose the mortgage given to them, the appellants being defendants to the bill. The appellant Mrs. Gardner filed an answer and a cross-bill. The answer alleged the said Greenbaum and wife were indebted to the respondent, Mrs. Gardner, in the sum of $1000, and to secure the same, together with interest at the rate of five per cent thereon until paid, on the 8th day of February, 1896, executed and duly acknowledged and delivered to her a mortgage on the same premises described

in the mortgage given by the same mortgagors to the appellees; that appellant Mrs. Gardner accepted said mortgage to her without actual notice of the prior mortgage to the appellees, and averred the record of said mortgage to appellees did not, for the alleged reasons hereinbefore discussed, charge her with constructive notice thereof, and that her mortgage constituted a valid and subsisting prior lien upon the premises, and that said indebtedness to her so secured was due and unpaid. The allegations of the cross-bill were, in substance, the same as the answer, and the cross-bill differed from the answer only in that it concluded with a prayer for a decree establishing the amount of the mortgage indebtedness to her as the prior lien upon the premises, and for a decree of foreclosure and sale of the premises and payment of the amount due her out of the proceeds of the sale. The chancellor established the lien of the mortgage given to the appellees as the prior lien on the premises, ordered the cross-bill filed by the appellant Mrs. Gardner be dismissed, and decreed the sale of the premises to be made by the master and the application of the proceeds of the sale to the payment of the amount found due the appellees and the costs of the proceeding, and directed the surplus to be brought into court to be distributed to or among the appellants, as secondary lienholders, according to the priority of their liens as subsequently should be determined by the court. The Appellate Court for the Second District affirmed the decree, and Mrs. Gardner and Goodman Greenbaum have perfected this their appeal to this court.

It is urged it was error to dismiss the cross-bill for the reason that, even if Mrs. Gardner's mortgage was but a secondary lien, she was entitled to share in any surplus of the proceeds of the sale of the real estate remaining after appellees' mortgage and the costs of the proceeding had been satisfied, and the contention is, a cross-bill was necessary to entitle her to a decree affirmatively

awarding her a portion or all such surplus. The cross-bill was unnecessary and was properly dismissed. Under the original bill and the answer of Mrs. Gardner and the other defendants to the bill who claimed to hold liens against the premises, the court had full authority to determine the existence and priority of the various liens and to order the premises sold, and the funds thus produced by the sale to be distributed in discharge of such liens according to their priority. *Soles* v. *Sheppard*, 99 Ill. 616; *Boone* v. *Clark*, 129 id. 466.

The remaining contention raised upon the record is that of the appellant Greenbaum, the mortgagor, namely, that the court erred in failing to allow and specify in the decree a period of time within which he could pay the amounts found to be due by the decree before the master should have authority to advertise the premises for sale. It is the usual and the better practice to incorporate such a provision in a decree, but there is no statutory requirement that it shall be done, and we think it a matter resting in the discretion of the chancellor. (2 Jones on Mortgages,—2d ed.—sec. 1586.) The decree directed the master to give three weeks' notice of the time and place of sale before making such sale, and recognized and provided for the right of redemption from the sale in accordance with the provisions of the statute on the subject. The decree debt and costs could have been paid at any time within the period provided by the decree for the giving of the notice of the sale. We see nothing in the case to indicate the failure of the chancellor to incorporate an order in the decree granting time in which to pay the decree debt and costs before the master should be authorized to advertise the property for sale was an abuse of the discretion vested in him. Nor is it suggested there was an abuse of discretion, but the insistence is, the omission was error absolute and reversible in character. While loth to tolerate any departure from the established practice, we do not regard the omission as neces-

sarily fatal to the decree, and decline in this instance to reverse for that reason alone. We note, however, our disapproval of the failure to observe the usual practice.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*