JOHN H. CARAWAY

*v.*

ALLEN SLY *et al.*

*Opinion filed February 21, 1906—Rehearing denied Oct. 10, 1906.*

1. DEEDS—*what is necessary to show that deed was intended as a mortgage.* To establish that a deed absolute in form was intended as a mortgage, it must be shown that there was a debt, legal liability or obligation to be secured, and that the conveyance was intended to secure that debt, legal liability or obligation.

2. SAME—*when deed cannot be held to be a mortgage.* A deed absolute in form cannot be held to be a mortgage because there was an agreement giving the grantor an option to re-pay the money borrowed from the grantee, at some time in the future, if he should be able and should desire to do so, upon which he was to receive a conveyance of the property.

WILKIN, J., dissenting.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Edgar county; the Hon. J. W. CRAIG, Judge, presiding.

RAYBURN & BUCK, (J. W. HOWELL, and J. E. DYAS, of counsel,) for appellant.

H. S. TANNER, and F. W. DUNDAS, for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Edgar county sustained a demurrer to the amended bill of appellant, by which he asked the court to declare a deed made by him to Allen Sly, since deceased, to be a mortgage, and to take an account between the appellees, as devisees of said Allen Sly, of the amount due from appellant and of the rents and profits received by said Allen Sly and the appellees, and to permit a redemption. Appellant stood by his amended bill and it was dismissed. The Appellate Court for the Third District affirmed the decree.

The facts stated in the bill and admitted by the demurrer are, that complainant, being indebted to Allen Sly in the sum of $3400, obtained a loan from him of $6200, and to secure said sums of money conveyed to him the real estate described in the bill; that complainant was to be permitted to redeem from said conveyance by paying said indebtedness when he became able to do so; that Sly knew complainant's circumstances and that it would require much time for him to pay said indebtedness; that the conveyance was given to secure Sly and to give complainant sufficient time to pay said indebtedness; that the consideration was much below the market value of the land; that the complainant was financially embarrassed on account of having made accommodation notes, and Sly loaned him a further sum of $1000 to assist him in his financial embarrassment; that Sly entered into possession of the premises and receipt of the rents and profits on or about December 1, 1891, and retained the same until the time of his death, May 12, 1901, except part of the land which was exchanged by Sly for other lands with complainant's consent; that Eliza Sly, widow and devisee, has retained possession since his death, and that complainant was always willing but had never been able to pay Sly in his lifetime, nor his devisees after his death, what was due on said indebtedness prior to the commencement of the suit.

Section 12 of chapter 95 of the Revised Statutes provides: "Every deed conveying real estate, which shall appear to have been intended only as a security in the nature of a mortgage, though it be an absolute conveyance in terms, shall be considered as a mortgage," and parol evidence is admissible to show the fact that a conveyance was intended by the parties as a mortgage. (*Ruckman* v. *Alwood,* 71 Ill. 155; *Helbreg* v. *Schumann,* 150 id. 12.) The evidence must show that the deed was intended as a security in the nature of a mortgage, which is a conveyance or transfer of property as security for the payment of a debt or discharge of an obligation, such as the fulfillment of a contract or the

performance of an act. Several definitions to that effect are given in *Rue* v. *Dole,* 107 Ill. 275. Two essential characteristics of a mortgage are a debt, legal liability or obligation to be secured, and a conveyance with an intention to secure that debt, liability or obligation. Where the conveyance is in the form of a mortgage it must describe and identify some debt or obligation secured by it, and section 11 of chapter 30 of the Revised Statutes, which provides for a statutory form of mortgage, requires that a mortgage in that form shall recite the nature and amount of the indebtedness, showing when due and the rate of interest, and whether secured by note or otherwise. Whether the instrument is in the form of a mortgage or of an absolute conveyance, if the intention is to secure the payment of money, the relation of debtor and creditor must exist and there must be a debt to be secured, although it is not essential that there should be a covenant or obligation in a mortgage creating a personal liability of the mortgagor or grantor to pay the debt. The fact that there is an agreement to re-convey does not render a conveyance a mortgage, but the essential things are the existence of a debt and the intention to secure its payment. *Rue* v. *Dole, supra; Freer* v. *Lake,* 115 Ill. 662; *Burgett* v. *Osborne,* 172 id. 227; *Heaton* v. *Gaines,* 198 id. 479; *Gannon* v. *Moles,* 209 id. 180.

In this case the attempt is to have a conveyance absolute in form declared to be a mortgage to secure the payment of money,—or, in other words, to secure a debt,—while the averments of the bill show that there was no indebtedness to be secured. The agreement stated in the bill was, that the lands were to be held by Allen Sly until the complainant should be able to redeem them by paying the sums of money paid to him, with interest; that Sly knew complainant's financial embarrassment and that it would require much time for him to re-pay the money; that upon such payment Sly was to re-convey to the complainant, and that complainant had always been willing to pay but had not been able to do

so. There was a mere option to pay at some time in the future if the complainant should be able to do so, and if he should become able it would be optional to pay, or not. Such an agreement·would never be barred by lapse of time and there never could be any foreclosure. The right to redeem and the right to foreclose are reciprocal, (*Fitch* v. *Miller,* 200 Ill. 170,) but the bill shows that there was no debt which could have been enforced against the land by foreclosure, either by Sly in his lifetime or by defendants since his death. An agreement giving the complainant a mere option to pay when he should be able and desire to do so, with an agreement to re-convey upon such a payment, did not constitute a mortgage, and the averments of the bill, if proved, would not entitle the complainant to any relief. The circuit court was right in sustaining the demurrer and dismissing the bill.

The judgment of the Appellate Court is affirmed,

*Judgment affirmed.*

Mr. JUSTICE WILKIN, dissenting.