**Edvil Atkins, Appellee, v. James Wallace et al., Appellants.**

**Gen. No. 46,638.**

First District, First Division.

June 20, 1955.

Released for publication July 21, 1955.

Braden, Hall, Barnes & Moss, of Chicago, for appellants; Zedrick T. Braden, Houston H. Hall, and Lymus Wallace, all of Chicago, of counsel.

I. J. Stagman, of Chicago, for appellee; Erwin H. Greenberg, of Chicago, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Defendants, heirs and devisees of Joseph Wallace, deceased, appeal from a decree declaring a quitclaim deed executed by plaintiff and his mother, Anna Parker, now deceased, as joint tenants, dated February 12, 1951, conveying and quitclaiming real estate at 2421 West Adams street, Chicago, to Joseph Wallace and Kate Wallace, now deceased, as joint tenants, to be a mortgage from which plaintiff is entitled to redeem, and ordering an accounting.

The deed was executed in pursuance of an agreement under seal dated February 12, 1951, reciting:

"Whereas Edvil Atkins and Anna Parker are in default in First mortgage payments in the sum of $336.40, on the property at 2421 West Adams Street, described as . . . ,

"And whereas Joseph Wallace is making said payments and will continue to make said payments until the said Edvil Atkins and Anna Parker repay to him the amounts so advanced;

"And whereas the title to said real estate has this day been conveyed to Joseph H. Wallace and Kate Wallace, as security for said payment;

"Therefore be it agreed that the said Joseph H. Wallace and Kate Wallace will reconvey said real estate to the said Edvil Atkins and Anna Parker, when and if said payment advances are repaid in full to Joseph H. Wallace."

Plaintiff alleges the ownership of the property by himself and Anna Parker as joint tenants, default in payment of the first mortgage on the property, the execution of the foregoing agreement and deed in conformity therewith, the payment of all sums due on the mortgage by Joseph Wallace, the death of Anna Park-

er and Kate Wallace prior to the institution of the suit, the possession by plaintiff of the premises until to-wit: April 10, 1954, and possession thereafter by James Wallace, defendant herein, individually and as executor of the last will and testament of Joseph H. Wallace, deceased, the payment of $980 on account of advancements by Joseph Wallace and the refusal of defendants to accept repayment of the "indebtedness due to the estate of Joseph H. Wallace, deceased"; the refusal of defendants to account to plaintiff for the rents, issues and profits of the real estate; that the plaintiff is ready, willing and able to pay the amounts due to the person or persons entitled thereto, and has so offered to pay said indebtedness; the tender by plaintiff of payment of the advances made upon the mortgage indebtedness, subject however to whatever sums the court may find the plaintiff is entitled to credit thereon; that the deed executed by plaintiff and Anna Parker to Joseph and Kate Wallace was intended simply as security for the sums advanced by the grantees until said sums were repaid, at which time the grantors were entitled to a reconveyance. Plaintiff prayed that the deed be declared to be a mortgage, that an account be taken of the rents, issues and profits taken from the real estate by the defendants, or either of them, and that plaintiff be given credit therefor; that upon payment of the amount found to be due from plaintiff on the accounting, a reconveyance of the property to plaintiff be decreed, and that plaintiff have such other and further relief in the premises as to equity shall appear proper and equitable.

Defendants' motion to strike the complaint was denied, whereupon defendants filed an answer admitting the allegations of the complaint, except the allegation as to the payment of $980 on account of the advances made by Joseph Wallace, and asserting affirmatively that the deed from plaintiff and Anna Parker to Joseph and Kate Wallace is and was intended by the

parties to be a conveyance of the property, and not a mortgage, in order that plaintiff and Anna Parker be relieved of personal liability on the mortgage on the property at the time of the execution of the deed. Although the decree recites examination by the court of the complaint and the answers thereto and the proofs submitted, the case is submitted to us as if decided solely on the pleadings. Defendants' sole contention is that the agreement between the parties does not create an obligation on the plaintiff to repay the advances made by Wallace, and therefore the relation of mortgagor and mortgagee, or debtor and creditor, is not created. Plaintiff, stressing the recital in the agreement that the property was conveyed to Joseph and Kate Wallace "as security for said payment," insists that the deed must be considered as a mortgage.

An examination of the agreement fails to disclose any obligation on the part of the grantors in the deed to repay the advances made by the grantees on the then existing encumbrance on the property. It is expressly agreed that the Wallaces will reconvey the property to the grantors "when and if said payment advances are repaid in full to Joseph H. Wallace." This provision gives the grantors an option to repurchase the premises upon payment of the amounts advanced by the grantees. Neither party discusses this phase of the agreement or the rights of the respective parties thereunder.

The case of Caraway v. Sly, 222 Ill. 203, is decisive of the question as to whether the agreement between the parties constituted a mortgage of the premises rather than a conveyance with an option to repurchase. The case was decided on a demurrer to the complaint, which alleged that the plaintiff, being indebted to the defendant in the sum of $3,400, obtained a loan from him of $6,200, and to secure said sums of money conveyed to defendant the real estate described in the complaint; that plaintiff was to be permitted to

365

redeem from said conveyance by paying the indebtedness when he became able to do so. In affirming the action of the trial court in sustaining the demurrer and dismissing the complaint, the Supreme Court said (p. 206):

"There was a mere option to pay at some time in the future if the complainant should be able to do so, and if he should become able it would be optional to pay, or not. Such an agreement would never be barred by lapse of time and there never could be any foreclosure. The right to redeem and the right to foreclose are reciprocal, (Fitch v. Miller, 200 Ill. 170), but the bill shows that there was no debt which could have been enforced against the land by foreclosure, either by Sly in his lifetime or by defendants since his death. An agreement giving the complainant a mere option to pay when he should be able and desire to do so, with an agreement to re-convey upon such a payment, did not constitute a mortgage, and the averments of the bill, if proved, would not entitle the complainant to any relief."

In Robison v. Moorefield, 347 Ill. App. 508, at page 527 the court said:

"To establish that a deed, absolute in form, is a mortgage, the evidence must disclose that it was intended as security for a valid existing indebtedness enforceable by the grantee in an action at law or by a foreclosure proceedings. (Spies v. De Mayo, 396 Ill. 255.) Not only must there be a debt but it must be due upon a definite date or at a time that can be rendered definite. (Evans v. Berko, 408 Ill. 438.) In order that the instrument be a mortgage the rights of the parties under it must be reciprocal, the mortgagor being able to redeem from it and the mortgagee to enforce its payment. (Caraway v. Sly, 222 Ill. 203; Fitch v. Miller, 200 Ill. 170.)"

In each of these cases the agreements under consideration were held to be merely the granting of an option to the grantors in the deeds to repurchase the premises. In each case the agreements were oral, and, as said further in Robison v. Moorefield, at page 530: "It has been held that an oral agreement giving the plaintiff a mere option to repurchase does not constitute a mortgage and is unenforceable as it is in violation of the statute of frauds. (Caraway v. Sly, 222 Ill. 203; Council v. Bernard, 319 Ill. 392; Kimmel v. Bundy, 302 Ill. 514.)"

■ In the instant case the option to plaintiff to repurchase the premises is in writing and under seal, and therefore is not within the statute of frauds. The court erred in adjudicating the deed to be a mortgage. However, under the allegations of the complaint plaintiff has alleged facts justifying a repurchase of the property upon repayment to defendants of the amounts due them.

The decree appealed from is reversed, the cause is remanded for such further proceedings in accordance with this opinion as may seem advisable to the parties and without prejudice to the rights of either party to amend his pleadings to meet whatever new issues may be raised under the option to repurchase.

Reversed and remanded.

BURKE, P. J. and FRIEND, J., concur.