Guy R. Flexter and Robert Gerald Hohlbaugh, Plaintiffs-Appellants, v. Ira Woomer, Defendant-Appellee.

Gen. No. 64–F–31.

Fifth District.
March 2, 1964.

Tolliver, Bayler & Rickelman, of Louisville, for appellants.

Wineland & Todd, of Flora, for appellee.

REYNOLDS, J.

Guy R. Flexter and Robert Gerald Hohlbaugh brought suit against Harold J. Welton, Thelma Welton, his wife, and Ira R. Woomer, to foreclose a mortgage on lots in Xenia, Illinois. The mortgage was executed by the Weltons to Flexter and Hohlbaugh about August 8, 1961, securing a note in the amount of $2000. The mortgage was recorded August 8, 1961, in the office of the Recorder of Clay County. Woomer had loaned the Weltons several thousand dollars and on March 6, 1961, the Weltons executed and delivered to Woomer their promissory note for $12,000, payable June 6, 1961. The note was not paid and on December 5, 1961, Woomer secured judgment by confession against the Weltons in the Circuit Court of Clay County. Execution was issued and on December 6, 1961, the Weltons executed and delivered to Woomer, their warranty deed to the lots in question.

Woomer was named as a defendant in the foreclosure suit, and he counterclaimed on the ground that the mortgage of the plaintiffs constituted a cloud on his title.

The position of the plaintiffs was that the defendant Woomer had actual and constructive notice of their mortgage and was bound thereby; the position of the defendant Woomer was that he had no such notice and that the mortgage was defective in that it did not recite the amount of the note secured or the date it became due. The trial court entered judgment in favor of the plaintiffs and against the defendants, Harold J. Welton and Thelma Welton, in the amount of $2185.13, but refused foreclosure on the grounds that no actual or constructive notice was acquired by Ira Woomer or his attorneys until after he had received title to the property from the Weltons on December 6, 1961; that the mortgage was invalid as to Woomer. Plaintiffs appeal.

457

■ ■ No questions are raised by the pleadings. There was a question as to the admissibility of certain testimony in a deposition of Harold J. Welton, but that question must rest upon a determination of the main issue, namely, did Ira Woomer, either by himself or through his attorneys, have actual or constructive notice of the mortgage to plaintiffs, before he took title from the Weltons? If, the mortgage lien as recorded was constructive notice to Woomer, as a matter of law, that would be sufficient. If, however, the record of mortgage lien was insufficient as a matter of law to show constructive notice, then the plaintiffs must depend upon actual or constructive notice given to Woomer or his attorneys as to the existence of the mortgage lien. There was testimony by the plaintiffs to show conversations with Woomer and his attorney concerning the mortgage lien, but this is denied. Whether there were such conversations and what was said presented a fact question for the chancellor. When testimony is contradictory it is well established that in a trial without a jury the determination of the credibility of witnesses and the weight to be accorded their testimony are matters for determination of the trial court and its findings will not be disturbed unless they are manifestly against the weight of the evidence. Northern Trust Co. v. City of Chicago, 4 Ill2d 432, 123 NE2d 330. We cannot say that the decision of the chancellor was clearly against the manifest weight of the evidence.

This leaves the question of the sufficiency of the mortgage lien as recorded in the office of the Recorder of Clay County. The mortgage recites that Harold J. Welton and Thelma Welton, husband and wife, mortgage and warrant to Guy R. Flexter of Flora, Illinois, and Robert Gerald Hohlbaugh of Rinard, County of Wayne, and State of Illinois, to secure the payment of one certain promissory note executed

458

by Harold J. Welton and Thelma Welton, husband and wife, bearing even date herewith, payable to the order of Guy R. Flexter and Robert Gerald Hohlbaugh, certain real estate therein described. There is no maturity date or amount of the note shown on the mortgage.

Two old cases seem decisive on this point. Bullock v. Battenhousen, 108 Ill 28 (1883) held that the policy, though not the letter, of our statutes requires, in all cases, a statement upon the record of the amount secured. That under our registry laws the record of a trust deed does not charge bona fide purchasers without actual notice with knowledge of the indebtedness of the promissory note set out in the bill. In that case, the court referred to Section 11, Chapter 30, Rev Stat 1874, as to mortgages which required that the form of mortgage required the mortgage to recite the nature and amount of indebtedness. The present statute, Section 10, Chapter 30, Ill Rev Stats (1961) still requires that the mortgage recite the nature and amount of indebtedness.

The case of Bergman v. Bogda, 46 Ill App 351, cites the Bullock v. Battenhousen case with approval. In that case, the court said the note was described in all respects in the mortgage, except the mortgage failed to state for what amount the note was given; that it was therefore impossible to tell from the mortgage what sum it was given to secure. And the court in that case held that the record of the mortgage was not notice to the creditors and bona fide purchasers, of the amount of indebtedness for which the note was given.

In the case of Gardner v. Cohn, 191 Ill 553, 61 NE 492, the total amount due on the note was not given, but the note recited that $105 per month was to be paid in eight payments, with interest at 7 per cent, payable each three months. The court in that case held that a very simple computation would disclose

459

the amount of the indebtedness, and held the record sufficient to be constructive notice.

Neither of these cases have been distinguished or overruled and the rule announced remains the law of Illinois today. In the light of those cases, this court must hold that the record of the mortgage in this case, did not constitute notice to Woomer, and since the court held there was no actual notice, there was no notice to Woomer, either actual or constructive.

The judgment of the Circuit Court will be affirmed.

Affirmed.

DOVE, P. J. and WRIGHT, J., concur.