In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-1915

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

Z INVESTMENT PROPERTIES, LLC and
CHICAGO TITLE LAND TRUST
COMPANY,

*Defendants-Appellants.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 17 C 04405 — **John Robert Blakey**, *Judge.*

ARGUED NOVEMBER 9, 2018 — DECIDED APRIL 18, 2019

Before BAUER, BRENNAN, and SCUDDER, *Circuit Judges*.

BAUER, *Circuit Judge.* Carroll V. Raines ("Raines") and his
wife, Lizzie Mae Raines, purchased their home in 1975 as joint
tenants and not tenants in common. When Raines' wife died,
he became the sole owner of 18952 W. Oak Avenue,

Mundelein, Lake County, Illinois (the "Property"). Raines was the sole owner of the Property at the time of his death in July 2009. Raines died intestate with six heirs.

In July 2007, Raines filed federal income taxes for tax years 2000, 2001, 2003, and 2004. Based on those returns, the IRS assessed taxes, penalties, and interest in the amounts of $7,884.80; $24,450.17; $64,272.62; and $21,080.78. These taxes remained unpaid at the time of Raines' death. On August 9, 2010, the United States recorded a notice of federal tax lien (the "Notice") against Raines with the Lake County Recorder of Deeds for taxes and penalties in the amount of $115,022.42. The Notice incorrectly identified "Carrol V. Raines" as the debtor, omitting the second "l" from his first name, and failed to include a legal description or permanent index number for the Property, but did correctly identify it by its address—18952 W. Oak Avenue, Mundelein, Lake County, Illinois.

In November 2010, Raines' heirs conveyed their interest in the Property to Chicago Title Land Trust Company ("Chicago Title") . Following its acquisition of the Property, Chicago Title made improvements and capital investments in the Property.

On June 12, 2017, the Government instituted proceedings seeking to foreclose the tax lien against the Property. The complaint named Chicago Title, several other financial institutions, and municipal entities. By November 2017, the parties agreed to waive any discovery and filed cross-motions for summary judgment, asking the court to rule on the enforceability of the federal tax liens and whether the affidavit of William Bond ("Bond") was admissible.

On April 2, 2018, the district court granted the Government's motion and denied Z Investment Properties, LLC ("Z Investments") and Chicago Title's (collectively, the "Appellants") motion. The district court found that: the Appellants had adequate notice of the tax lien because it conformed to the applicable provisions of the Internal Revenue Code; and the Government could enforce the tax lien which encumbered the Property. The district court also found Bond's affidavit was partially inadmissable and struck paragraphs 5-7, 10-12, 14, 20, and 21. Final Judgment was entered on April 9, 2018. For the reasons stated below, we agree and affirm.

### A. The District Court Properly Determined that the Affidavit of William Bond Was Inadmissible Because it Consisted of Undeclared Expert Testimony and Improper Legal Conclusions.

Bond is a title insurance executive who during his career has conducted thousands of title searches and prepared thousands of title reports, commitments, and insurance policies. He was retained by the Appellants to provide expert testimony about the system in place at the Lake County Recorder's office and the discoverability of the Notice.

The district court determined that Bond's affidavit was inadmissible because it consisted of previously undeclared expert testimony and improper legal conclusions. The court found that Appellants failed to comply with Federal Rule of Civil Procedure 26(a)(2); they neither provided an expert report, disclosed Bond as an expert witness, nor even disclosed him as a witness pursuant to Rule 26(a)(1).

### i.   The Standard

This court reviews a lower court's decision to exclude expert testimony under an abuse of discretion standard. *Karum Holdings LLC v. Lowe's Companies, Inc.*, 895 F.3d 944, 950 (7th Cir. 2018) (citing *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 755 (7th Cir. 2004)). "A court does not abuse its discretion unless … (1) the record contains no evidence upon which the court could have rationally based its decision; (2) the decision is based on an erroneous conclusion of law; (3) the decision is based on clearly erroneous factual findings; or (4) the decision clearly appears arbitrary." *Id.* at 950–51 (quoting *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000)).

Rule 26(a)(1)(A) requires parties to disclose the names of every witness "likely to have discoverable information." *Id.* Rule 26(a)(2) requires expert witnesses, as defined by Federal Rule of Evidence 702, to be disclosed and provide an expert report to the opposing party. *Id.* Rule 37 articulates the sanction for failing to comply with the above discovery disclosure requirements. Stating "[i]f a party fails to provide information or identify a witness … the party is not allowed to use that information or witness to supply evidence on a motion … unless the failure was substantially justified or is harmless." *Id.* at 37(c)(1); *see King v. Ford Motor Co.*, 872 F.3d 833, 837–39 (7th Cir. 2017) (discussing the considerations for striking an undisclosed expert and the abuse of discretion standard).

### ii.   The Analysis

Appellants argue that Bond's affidavit was submitted to rebut the affidavit of Kunmi Ageh, an IRS paralegal, wherein she purported to explain the various methods of searching for

IRS tax liens. They further argue that had the court not improperly relied on the Government's affidavit from Ageh, and instead considered their affidavit from Bond, the court would have reached the opposite conclusion. Neither of these arguments discuss the abuse of discretion standard nor the substantially justified or harmlessness exceptions to Rule 37's sanction.

First, Bond's potential designation as a rebuttal witness would not excuse Appellants' obligation to comply with Rule 26(a)(2)'s reporting requirements, it would simply define the time Appellants would have to make the requisite disclosures—"within 30 days after the other party's disclosure." *Id*. at 26(a)(2)(D)(ii). However, there is nothing in the record that indicates that Ageh was designated an expert witness, as defined by Federal Rule of Evidence 702, instead her affidavit simply states the results of various searches she ran against the Lake County Recorder's database. Her affidavit is in sharp contrast to Bond's, who in numerous paragraphs offers his personal and professional opinions as an "experienced and capable title searcher" with over thirty years of industry experience. Accordingly, we look to see if Appellants' failure to comply with Rule 26 was either substantially justified or harmless.

Next, the Appellants neither make an argument, nor can this court imagine a reason, for the non-disclosure of Bond as an expert witness or why the non-production of an expert report would be substantially justified in these circumstances. However, as the district court noted, and the Government argues presently, there is obvious harm which would result from failing to disclose an expert or produce an expert report.

The failure to disclose Bond as an expert prejudiced the Government because it was unable to depose or disqualify him or retain a rebuttal witness of its own. As a result, the district court struck those paragraphs of Bond's affidavit that did more than recite the results of various searches conducted against both the Lake County Recorder database and other title databases.

The district court's decision to strike expert testimony and improper legal conclusions from his affidavit was appropriate. Accordingly, we affirm that decision.

**B. The District Court Properly Entered Summary Judgment Against the Appellants and for the Government Because there Was No Dispute as to Any Issue of Material Fact and the Government was Entitled to Judgement as a Matter of Law.**

**i. The Standard**

Our review of a district court's grant of summary judgment is *de novo* and all reasonable inferences are drawn in favor of the nonmovant. *Valenti v. Lawson*, 889 F.3d 427, 429 (7th Cir. 2018). "Summary judgment is appropriate if there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law." *Dunderdale v. United Airlines, Inc.*, 807 F.3d 849, 853 (7th Cir. 2015) (citing Fed. R. Civ. P. 56(a)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### ii. Analysis

Here, the district court concluded that the Federal Tax Lien (the "Lien") was valid and enforceable. Appellants argue that the Lien is unenforceable because the Lien could not be discovered by a reasonable search of the tax lien index. They advocate for a strict compliance test, as is the case under the Illinois Property Tax Code.

### a. The Government Is Entitled to Enforce the Federal Tax Lien Under Current Precedent

The validity of federal tax liens are governed by the Internal Revenue Code. *See* 26 U.S.C. § 6323. Federal law also governs the form, content, and notice required for federal tax liens. 26 C.F.R. § 301.6323(f)-1. The district court thoroughly discussed the validity of the underlying Lien and because the Appellants acknowledge that the Lien complies with the requisite statute, we focus our inquiry on enforceability, specifically, whether the spelling error is so egregious as to render the Lien unenforceable.

In instances where a *bona fide* purchaser acquires an encumbered property without notice of the attached lien, the lien does not follow the title. 26 U.S.C. § 6323(a). "Notice" in this context is constructive notice which, as the district court properly stated, is "determined by asking whether reasonable inspection of the relevant local index will reveal the existence of the lien." *United States of America v. Z Investment Properties, LLC, et al.*, No. 1:17-cv-4405, slip op. at 11 (N. Dist. Ill. Apr. 9, 2018) (internal citations and quotations omitted).

The Notice incorrectly identified "Carrol V. Raines" as the debtor, omitting the second "l" from Raines' first name. Appellants argue that this omission is so severe that they were unable to discover the lien through a diligent search of the pertinent records. They draw the court's attention to myriad cases wherein a spelling error precluded the lien holder from enforcing a lien because the error made the lien undiscoverable. That is not the case here.

As the district court noted and the Government now argues, a federal tax lien does not need to perfectly identify a taxpayer, only provide constructive notice. 26 U.S.C. § 6323(i)(1); *In re Spearing Tool & Mfg. Co.*, 412 F.3d 653, 656 (6th Cir. 2005); *United States v. Rotherham*, 836 F.2d 359, 363 (7th Cir. 1988); *see also In re Crane*, 742 F.3d 702, 706–707 (7th Cir. 2013) (discussing constructive notice in Illinois). Constructive notice is necessary so that a potential buyer who exercises reasonable care and diligence in a title search will be able to discover the cloud on the title. But constructive notice also requires the purchaser to conduct a "reasonable and diligent search" of the relevant land records and indexes. *Spearing*, 412 F.3d at 656.

The district court discussed the results of the search of the Lake County Recorder's database for Raines, spelled correctly, and noted that the Lien did not appear. But the search did note Raines' aliases, which include "C V Raines" and "Carol Raines." Furthermore, the district court found that a search for the last name "Raines" with first names beginning with "C" and a "sounds like" search for last names like "Raines" both returned the Lien; also, a search conducted by the Chicago Title Insurance Company on behalf of the IRS returned the Notice.

The error did not make the Lien undiscoverable. We agree with the district court that because several broader searches returned the Lien attached to the Property, and a search for Raines' name returned two aliases, the Lien would have been discovered by a reasonable search. Moreover, given the low cost and ease of conducting such a search, it is not unreasonable to expect an interested party to conduct a search on one or more of the aliases returned.

Because a reasonably diligent search of the relevant index returned the Notice of Federal Tax Lien, even though it did not perfectly identify Raines, the Government is entitled to enforce the Lien against Appellants.

The Appellants argument that this court ought to implement a strict compliance standard, as is the case under the Illinois law, is without merit. Requiring absolute precision would be unduly burdensome, hinder the Government's tax collection efforts, and be contrary to federal law and the tax lien statute's notice provision. 26 U.S.C. § 6323(f); *see also Spearing*, 412 F.3d 656–57 (discussing the policy considerations of constructive verses strict compliance). If Appellants wish to advance a new standard for notice of federal tax liens, they need to seek a legislative solution.

### III.  CONCLUSION

For the reasons listed above, we find that the district court properly excluded the Affidavit of William Bond and properly found the Notice of Lien sufficient under 26 U.S.C. § 6323. Accordingly, we AFFIRM.